### RADTKE PATENTS CORPORATION v. RABINOWITZ.

#### Civ. 467.

District Court, E. D. New York.

Jan. 17, 1940.

Leonard Day, of New York City, for plaintiff.

Jacob Rabinowitz, of New York City, in pro. per.

MOSCOWITZ, District Judge.

These are two motions; one, for an order permitting the defendant to amend his answer, the other, for an order requiring the plaintiff to produce and to permit the defendant to inspect and to copy Exhibit R38 in the patent interference action of Radtke Patents Corporation against Nakken Patents Corporation No. 57118.

The defendant is unrepresented by counsel which is his privilege, however this places a more difficult burden upon the solicitor for the plaintiff as well as the Court.

The defendant sets up two proposed defenses which are as follows:

"First Defense: That the Radtke Patent is invalid by reason of the fact that the

Commissioner of Patents issued a certificate of correction holding claims 24, 25, 26, 27, and 28, unpatentable to the patentee by the Board of Appeals and that claims 75, 76, 77, 81, 82, and 83 are duplicates respectively of claims 12, 15, 16, 19, 22, and 39 of the patent, and in view of issuance of this certificate of correction, plaintiff failed to disclaim the respective claims.

"Second defense—Unfair Practice: That in several particulars, plaintiff's letters went beyond the giving notice of its claims of patent rights; consent decrees were obtained and advertised in such way as to convey the impression that the courts have sustained the patents on its merits".

While the defenses are of doubtful value they will be allowed. The plaintiff may then oppose the validity of these defenses by appropriate motion upon the trial.

In view of the condition of the calendar this case will be tried readily and the interposition of the proposed defenses will not cause any delay.

The defendant's motion which seeks an order requiring the plaintiff to produce Exhibit R38 is based upon defendant's affidavit in which he states "that the Exhibit R38 requested herein, contains relevant and material matter which are of prime importance in the within action". This is a bare conclusion of the defendant and does not comply with Rule 34 of the Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c. Before such an application is granted the moving party should show that the document sought to be produced is material to the case.

The motion to amend the answer is granted and the motion to produce is denied.

Settle orders on notice.