## GILL v. COL-TEX REFINING CO.

### C. A. No. 63.

District Court, S. D. Texas, Corpus Christi Division.

April 24, 1940.

Purl & Pearson, T. H. Burruss, and Owen D. Cox, all of Corpus Christi, Tex., for plaintiff.

Jarman, Brown, Looney & Watts, of Oklahoma City, Okl., and F. V. Phipps, of Corpus Christi, Tex., for defendant.

ALLRED, District Judge.

Plaintiff sues defendant for commission. The complaint is in two counts.

The first count is upon an alleged contract made during the year 1938, with Verne D. Sanders and F. R. Sproule, alleged agents of defendant, agreeing to pay plaintiff ½¢ a gallon upon all emulsions sold by defendant to anyone with whom plaintiff should put the defendant in touch; and that as a result of plaintiff's efforts defendant sold 1,400,000 gallons of its products to Nueces County, Texas.

The second count alleges, in the alternative, that plaintiff procured the sale of such products to Nueces County and that defendant took the benefits of such contract with knowledge, and thereby became liable to plaintiff for the reasonable value of his services in the sum of $7,000.

Defendant denies plaintiff's allegations as to the agency of Sproule and Sanders, or their authority to make said alleged contract; and denies that plaintiff performed the service or procured the sale.

Plaintiff moves, under Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that defendant be required to produce and permit plaintiff to

inspect, copy or photograph the following documents:

(1) All daily reports filed by Sanders from May 1, 1938, up to and including the date of termination of his employment;

(2) All expense accounts filed by Sanders during such period of time;

(3) All salary expense checks payable to Sanders during such period;

(4) All letters, telegrams and other correspondence between defendant, its officers or employees and Sproule, on company business, during such period of time.

Plaintiff alleges in the motion that he "believes that there is information in said" documents that "will prove the allegations of plaintiff's petition" as to the agency and authority of both Sproule and Sanders to enter into the contract sued upon by plaintiff; and that will prove that defendant was informed of such contract and knew of plaintiff's activities in its behalf; and that defendant recognized and sanctioned such activities and ratified and accepted benefits therefrom.

Plaintiff's motion is verified by one of the attorneys, but the affidavit does not set out any details which would show that the documents are material or relevant to the issues in the action. In this respect it fails to follow the suggested Form 24 appearing in appendices to the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Defendant challenges the sufficiency of the motion and affidavit and takes the position that this proceeding amounts to a "fishing expedition."

A showing by affidavit of good cause and admissibility is clearly required by the rule. At most, plaintiff's motion and affidavit simply states conclusions, without a statement of the grounds and basis for such conclusions. This is insufficient. Radtke Patents Corporation v. Rabinowitz, D.C.N.Y., 1 F.R.D. 126; Thomas French & Sons, Ltd. v. Carleton Venetian Blind Co., Inc., D.C.N.Y., 30 F. Supp. 903; Sonken-Galamba Corp. et al. v. Atchison, T. & S. F. Ry. Co. et al., D. C.Mo., 30 F.Supp. 936.

Plaintiff's motion will be denied, without prejudice, of course, to his right to comply in more particularity with the rule.

Let an order be prepared in accordance with this memorandum.