**HAVRISKO v. UNITED STATES et al.**

No. A–18070.

District Court, E. D. New York.

Nov. 22, 1946.

Louis Ladislaw Berko, of Brooklyn, N. Y., for libelant (for the motion).

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Hanrahan and Dougherty, of New York City, of counsel), for the United States (opposed).

Hanrahan and Dougherty, of New York City, for Wessel, Duval & Co., Inc. (opposed).

Bigham, Englar, Jones & Houston, of New York City (John L. Quinlan, of New

York City, of counsel), for respondent-impleaded (opposed).

BYERS, District Judge.

Libelant, in a case under the Suits in Admiralty Act, alleges that he suffered personal injuries on the S. S. Josiah Tattnall, a merchant vessel of the United States, on June 5, 1946, while in the employ of Carter & Weekes Stevedoring Company. The libel was filed August 16, 1946.

This is a motion by libelant for an order pursuant to Rules 30–34 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, "directing that the respondents and impleaded respondent produce and permit the inspection and copying of all reports, documents, papers, etc., letters, photographs, objects or other tangible things not privileged which constitute or contain evidence material to the issues covered in this action, and which are in the possession, custody or control of the respondents and impleaded respondent herein". So much of the notice of motion is being considered in connection with the supporting affidavit. The balance, which calls for an order upon completion of the discovery and inspection, that the persons, firms or corporations therein named be the subject of an order for their examination pursuant to Rules 26–32, will be disregarded, since this is a cause in admiralty, and the motion is deemed to have been made under Admiralty Rule XXXII, 28 U.S.C.A. following section 723.

The supporting affidavit is by plaintiff's attorney, who says that he has been informed by the respective respondents that "they have in their possession all the pertinent reports, documents and statements concerning the facts and circumstances of the said accident. That these documents will show the names and addresses of the witnesses to the accident, and their version of this occurrence. That these papers and documents are material and necessary to the prosecution of libelant's cause of action and to the proof thereof. That libelant is entitled to the relief herein sought pursuant to the Rules 26–34 of the Rules of Civil Procedure."

A careful consideration of the showing so made, and of applicable decisions, is convincing that the libelant has not brought himself within the benign purposes of Admiralty Rule XXXII, in that:

He fails to show "good cause" for granting his motion, namely, that he does not now possess the information which would enable him to go to trial; that is, the names and addresses of the witnesses. If he knows who they are, he can ascertain from them what they observed upon the occasion in question. He was a member of a gang who were working together, and it is to be supposed that he knows who the others were, and the name of the foreman or snapper. Nor does he state that he does not know what occurred, or who was present at the time.

The mere desire on the part of his attorney, to know what his adversaries or their clients believe to be the true facts, is not itself a *good cause* within the rule. Some factual showing is required to relieve the libelant of preparing his own case, in lieu of a mere conclusion stated by his attorney.

Again, the requisition is not for "designated documents" but for a miscellaneous assortment of "reports, documents, papers, etc., letters, photographs, objects or other tangible things".

It was said by Judge Coxe, in Kenealy v. Texas Co., D.C., 29 F.Supp. 502, 503: "It was surely not intended by the use of the word 'designated' to permit a roving inspection of a promiscuous mass of documents, etc., thought to be in the possession, custody or control of the opposing party." That observation fits the showing of these motion papers.

It must be apparent that motions under this rule present individual characteristics, and must be decided in the light of the showing made in each case.

Motion denied. Settle order.