## COLDITZ v. UNITED STATES.

District Court, S. D. New York.
Feb. 10, 1947.

Simone N. Gazan, of New York City, for libelant.

John F. X. McGohey, U. S. Atty., and Kirlin, Campbell, Hickox & Keating, all of New York City (Joseph M. Cunningham, of New York City, of counsel), for respondent.

HULBERT, District Judge.

Libelant's motion is for an order requiring the respondent to discover, produce and make available to libelant, with the privilege and opportunity, to inspect and make photostatic copies of accident and medical reports made to respondent by the master, chief engineer and the pharmacist's mate; the ship's log book and the itinerary of the tanker Horace See covering the date of October 25, 1946, when the libel was filed in this cause; the same being material to libelant's case or which may contain matter or evidence material to libelant's case.

The libelant is a seaman who signed Articles as a wiper on said vessel and sustained personal injuries in the course of his employment on May 11, 1946, while engaged in painting overhead the engine room when the tanker took a hard roll to port causing him to fall against the projecting steam drain on the No. 1 generator which caught the back of libelant's left thigh and held him suspended until help arrived. He was hospitalized on the arrival of the vessel at Gdynia, Poland, June 24th until July 1st, and was then repatriated to the United States on another vessel and arrived at Galveston, Texas, on July 29th and continued on to San Francisco by rail.

Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "Upon motion of any party *showing good cause* therefor * * * the court in which an action is pending may (1) order any party to produce and permit *the inspection and copying or photographing,* by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, *which constitute or contain evidence material to any matter involved* in the action and which are in his possession, custody, or control; or (2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated relevant object or operation thereon. The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just." (Italics for emphasis).

The supporting affidavit verified by libelant's proctor states: "I am informed and believe that written reports of the accident were made by the master, the chief engineer, and a medical report was made by the pharmacist's mate. These reports contain or may contain relevant facts which are material and necessary to libelant's case".

The affidavit does not state the source of the information or the grounds of the belief of the affiant, who further avers: "The said reports were made in the regular course of the ship's business and not in aid of any litigation."

With respect to the ship's log and itinerary, he further avers: " * * * they are important evidence or may contain import-

ant evidence material and necessary to libel-ant's case and he desires to inspect said reports, log book and itinerary * * * to have photostatic copies thereof made."

The libelant has not brought himself within Admiralty Rule 32, 28 U.S.C.A. following section 723; he has not shown "good cause" that the reports do contain relevant facts; it is not sufficiently shown that said reports were made in the regular course of the ship's business;* and that the documents sought to be inspected and photographed are not sufficiently designated. Havrisko v. U. S. A., D.C., 68 F. Supp. 771; Kenealy v. Texas Co., D.C., 29 F.Supp. 502; Wild v. Payson, D.C., 7 F. R.D. 495, are enlightening.

As· is pointed out in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L. Ed. ——, the libelant may proceed on interrogatories to elicit the information required as a basis for a renewal of the application. Motion denied, without prejudice. Settle order on notice.

---

* Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719.