## THE KEGUMS.

District Court, S. D. New York.
March 5, 1947.

832

Lawrence W. McKeown, for libelants.

John F. X. McGohey, U.S. Atty., and Burlingham, Veeder, Clark & Hupper, all of New York City (Herbert M. Lord, of New York City, of counsel), for respondents.

CAFFEY, District Judge.

This libel was brought to recover cargo damage to certain shipments of coffee carried by the S. S. Kegums from Santos, Brazil, to Savannah, Georgia. Libelants are moving under Admiralty Rule 32, 28 U.S.C.A. following section 723, for an order permitting a discovery and inspection of various documents relating to the cargo its carriage and relating also to the construction and seaworthiness of the vessel, the respondents having pleaded as a defense various provisions of the bills of lading and the U. S. Carriage of Goods by Sea Act of 1936, 46 U.S.C.A. § 1300 et seq.

Admiralty Rule 32 authorizes the court "upon motion of any party showing good cause therefor" to "order any party to produce and permit the inspection and copying * * * of any designated documents * * * which constitute or contain evidence material to any matter involved in the action."

The only reasons alleged in the moving affidavit are that discovery and inspection "is necessary in order that libellants may establish the causes of action alleged," that the documents "all bear directly or indirectly on the issues," and that deponent believes that they "will disclose facts that must of necessity be placed before the court on the trial."

I do not believe that this is a sufficient showing of "good cause." The reasons given are only the attorney's conclusions. Some factual showing, not mere conclusions, is required. Havrisko v. United States, D.C.E.D.N.Y., 68 F.Supp. 771, 772.

Admiralty Rule 32 is practically the same as Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and should receive the same construction. In Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, recently decided, the Supreme Court emphasized the necessity of a proper showing of good cause in applying for an order under Rule 34. An allegation in an application under Rule 34 that the document "contains relevant and material matter which are of prime importance in the within action" was held to be insufficient in Radtke Patents Corp. v. Rabinowitz, D.C.E.D.N.Y., 1 F.R.D. 126, 127.

Libelants would appear to be entitled, upon a proper showing, to a discovery and inspection of some, at least, of the enumerated documents; as to other items the notice is much too general and all inclusive. Libelants should state with greater particularity the documents of which a discovery and inspection is sought and should also show the necessity for their production, i. e., how they are material.

I will deny the motion but without prejudice to its renewal upon a proper showing of good cause. Settle order on two days' notice.