**WOODS v. KORNFELD.**

No. 3310.

United States District Court
M. D. Pennsylvania.

Feb. 10, 1950.

See also 9 F.R.D. 196.

Cyril F. Pessolano, Chief, Rent Litigation Section, Joseph J. Strassman, Attorney, Office of the Housing Expediter, Philadelphia, Pa., Horace R. Cardoni, Attorney, Office of the Housing Expediter, Scranton, Pa., for plaintiff.

William Zacharellis (of Bialkowski, Bialkowski & Bialkowski), Scranton, Pa., for defendant.

WATSON, Chief Judge.

This is an action by the Housing Expediter alleging violations by the defendant, Louis Kornfeld, of the Emergency Price Control Act of 1942, as amended,[1] and the Housing and Rent Act of 1947, as amended.[2] The case is before the Court on a motion by defendant for discovery and production of documents and things for inspection, copying or photographing. In his motion defendant requests all written materials including correspondence filed with or sent to the plaintiff, his servants, agents, workmen or employees by certain named tenants, or by any other source whatsoever during a stated period, which, in any way, mention, or concern the defendant as landlord of said tenants, and all stenographic notes, with transcripts thereof, possessed by the plaintiff, his servants, agents, workmen or employees made during, or as a result of, telephone conversations or personal interviews, relating or referring to the defendant and the said tenants during a stated period.

It does not clearly appear from that which is now before the Court that the documents and things requested are material or relevant to the issues in the action. The relevancy should appear before such a motion is granted.[3] Defendant's motion will be denied without prejudice.

This case will be tried by the Court without a jury. The burden of proving the material allegations in the plaintiff's Complaint will be upon the plaintiff. If, during the trial, it develops that the documents and things referred to in defendant's motion for production are relevant to the subject matter involved in the action, the Court may then, if requested, properly consider the defendant's motion as justice requires.

The action should be disposed of without further continuances or delays.

Now, the defendant's motion for discovery and production of documents and things for inspection, copying or photographing is denied without prejudice.

---

1. 56 U.S.C.A. Appendix, § 901 et seq.

2. 50 U.S.C.A. Appendix, § 1881 et seq.

3. Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A.; Piorkowski v. Socony Vacuum Oil Co., D.C.M.D.Pa. 1940, 1 F.R.D. 407; Gill v. Col-Tex Refining Co., D.C.S.D.Tex.1940, 1· F.R.D. 255.