United States District Court
S. D. New York.
Jan. 24, 1951.

## FLORES v. MATSON NAV. CO.

United States District Court
S. D. New York.
Dec. 4, 1951.

Reich, Peller & Devaney, New York City, for plaintiff.

Alexander Dreiband, New York City, for defendant.

Klein & Ruderman, New York City, for plaintiff.

Haight, Deming, Gardner, Poor & Haven, New York City, for defendant.

DIMOCK, District Judge.

Plaintiff moves for a discovery and inspection as follows:

1. All log book entries pertaining to the accident, which occurred on August 6, 1951, at about 12 noon, aboard the S. S. Hawaiian Citizen;

2. All accident reports filed with the defendant in reference to the foregoing;

3. All statements obtained by the defendant from witnesses with reference to the manner in which the aforesaid accident occurred.

On the argument of the motion I indicated that, with respect to item 1, defendant would be required to produce everything asked for except entries in the radio log, the official log and the rough log, and that with respect to item 2, defendant would be required to produce everything asked for.

With respect to item 3, decision was reserved. Defendant objects that plaintiff has not shown good cause for the discovery of statements taken from witnesses.

Plaintiff's allegations in this respect are as follows: "That in order to properly prepare this action for trial, it will be necessary for the plaintiff to have an examination of the log entries and the accident reports and the statements, both oral and in writing, which were given by the various witnesses to the accident and in this way enable the plaintiff to substantiate his claim."

These allegations are insufficient. 4 Moore's Federal Practice, 2nd Ed., § 34.08; The Kegums, D.C., 73 F.Supp. 831; Marzo v. Moore-McCormack Lines, D.C., 7 F.R.D. 378; Gebhard v. Isbrandtsen Co., D.C., 10 F.R.D. 119.

The motion will be granted to the extent above indicated and otherwise denied without prejudice to an application upon an adequate showing of good cause.

Settle order on notice.