**HARTFORD NAT. BANK & TRUST CO. et al. v. E. F. DREW & CO., Inc.**

Civ. No. 1470.

United States District Court
D. Delaware.

Sept. 12, 1952.

Arthur G. Connolly, of Wilmington, Del., for plaintiffs.

Rodney M. Layton (of Richards, Layton & Finger), of Wilmington, Del., and Harry C. Bierman, of New York City, for defendant.

LEAHY, Chief Judge.

Defendant has moved under Federal Rules of Civil Procedure, rule 34, 28 U.S.C., for the production of certain writings in the possession of plaintiffs. Plaintiffs argue that the moving papers show lack of good cause. Defendant says it can not answer paragraphs 5 and 6 of the complaint unless it has these documents.

It seems to me defendant may answer paragraphs 5 and 6 by pleading lack of information sufficient to form a belief as to the truth or falsity of those paragraphs. This would be followed, in the answer, by an orthodox denial. After the pleadings are in, the issues will be formed and then defendant may move for production.

A mere allegation that good cause exists has been held insufficient.[1] There must be a showing of materiality and relevancy.[2] I think there is merit to plaintiffs' position that there can be no joinder of issues before the filing of the answer for the reason that relevancy and materiality of documents sought to be produced can not be determined until that time. There are cases which hold to this effect.[3]

I conclude that defendant's motion is premature and it would also appear to be invalid in that it fails to allege good cause for the production of the documents. Defendant may, however, renew its motion at the proper time, if good cause is shown. The present motion for production is denied.

1. Sutherland Paper Co. v. Grant Paper Box Co., D.C., 8 F.R.D. 416.

2. Woods v. Kornfeld, D.C., 9 F.R.D. 678.

3. Piest v. Tide Water Oil Co., D.C., 26 F.Supp. 295; Employers' Mutual Liability Ins. Co. of Wisconsin v. Blue Line Transfer Co., D.C., 2 F.R.D. 121.