FRANK RYSKIEWICZ AND JOAN RYSKIEWICZ, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2662-74.    Filed November 4, 1974.

*Allan L. Yusim,* for the petitioners.
*Thomas E. Bulleit* and *Thomas G. Schleier,* for the respondent.

OPINION

DAWSON, *Judge:* On July 23, 1974, petitioners filed a motion, pursuant to Rule 51, Tax Court Rules of Practice and Procedure, to require respondent to file a more definite statement regarding

affirmative allegations of fraud contained in his answer. On August 19, 1974, respondent filed a memorandum opposing petitioners' motion. A hearing on the motion was held on October 2, 1974.

Paragraph 7 of respondent's answer contains the following allegations:

(a) During the taxable year 1970, Frank Ryskiewicz was employed as a corporate executive and Joan Ryskiewicz's occupation was that of a housewife.

(b) For the taxable year 1970, the petitioners filed a timely joint federal income tax return with the Midwest Service Center, Kansas City, Missouri.

(c) For the taxable year 1970, the petitioners received $13,281.13 from an undisclosed source or sources which was not reported on their joint income tax return for that year.

(d) During the taxable year 1970, the petitioners deposited $9,221.15 of the $13,281.13 of unreported income in a checking account at the American National Bank.

(e) The petitioners understated their income tax liability on their joint income tax return for the taxable year 1970 in the amount of $18,975.98.

(f) The petitioners' failure to produce accurate records or other information with respect to the unreported income to the respondent in connection with the examination of their income tax return for the taxable year 1970 was fraudulent with the intent to evade tax.

(g) The petitioner, Frank Ryskiewicz, fraudulently and with the intent to evade tax, made false and misleading statements to respondent's agent during the course of that agent's examination of petitioners' joint income tax return for the year 1970.

(h) The petitioners fraudulently and with the intent to evade tax, omitted from their joint income tax return for the taxable year 1970, gross income in the amount of $13,281.13.

(i) A part of the understatement of tax required to be shown on the petitioners' joint income tax return for the taxable year 1970 is due to fraud.

With respect to the alleged increase in income, petitioners urge that respondent be required to answer and clarify the following:

(a) From whom was the alleged income received?

(b) When was such alleged income received?

(c) In what manner was the alleged income paid (i.e. cash, securities, other property)?

(d) What transaction or transactions gave rise to the alleged income?

(e) In what year did the transaction or transactions which gave rise to the alleged income occur?

With respect to alleged fraudulent acts, petitioners ask that respondent answer and clarify the following:

(a) When did each and every one of the alleged acts occur?

(b) Where did each and every one of the alleged acts occur?

(c) Which one of the petitioners committed each and every one of the alleged acts?

(d) To whom were each and every one of the alleged false and misleading statements made?

(e) To whom were each and every one of the alleged refusals to produce records or other information made?

Rule 51(a) provides as follows:

(a) General: If a pleading to which a responsive pleading is permitted or required is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. See Rules 70 and 90 for procedures available to narrow the issues or to elicit further information as to the facts involved or the positions of the parties.

The Rules Committee's Note to Rule 51(a) refers to the "basic standard" to be used in determining whether a pleading should be made more definite. This standard is expressed in Rule 31(a) which provides that the "purpose of the pleadings is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions."

Paragraphs 7(c), 7(f), 7(g), and 7(h) of the respondent's answer, to which petitioners' motion is directed, clearly satisfy the "basic standard" contained in Rule 31(a). This conclusion is evident when paragraphs 7, 7(d), 7(e), and 7(i) of the respondent's answer are read in connection with those paragraphs alleged to be insufficient by petitioners' motion. In our opinion paragraphs 7(c) through 7(i) of respondent's answer give the petitioners and this Court "fair notice of the matter in controversy" and respondent's position with respect to fraud. See *Conley v. Gibson,* 355 U.S. 41, 47-48 (1957); 2A Moore, Federal Practice, par. 12.18, pp. 2387-2396 (2d ed. 1948).

Rule 36(b) sets out the required form and content of an answer. It provides that the "answer shall contain a clear and concise statement of every ground, together with the facts in support thereof, on which the Commissioner relies and has the burden of proof." Here the "ground" on which the Commissioner relies and has the burden of proof is the assertion of the addition to tax for fraud under section 6653(b) of the Code. The "clear and concise statement" of that ground is contained in paragraph 7 of respondent's answer. And the "facts in support thereof" are set out in paragraphs 7(c) through 7(i) of respondent's answer.

We think a Rule 51(a) motion is not the proper procedure to be used to obtain the information sought by petitioners. The third paragraph of the Rules Committee's Note to Rule 51(a) states:

A pleading may be sufficiently definite or represent a sufficient statement, and yet the adverse party may be entitled to further information for other reasons. In that event, other procedures, such as those to which cross-reference is made in this rule, should be used rather than the motion for a more definite statement.

We hold that respondent's answer does not require further amplification. Discovery procedures under Rules 70 and 71 are, of course, available to petitioners, but we express no opinion here as to what extent, if any, they would be entitled to obtain discovery of the various items of information sought by them.

Accordingly, we conclude in these circumstances that petitioners' motion for a more definite statement should be denied.

*An appropriate order will be entered.*