CHARLES B. KABBABY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 168-75. Filed June 9, 1975.

*Philip T. Weinstein,* for the petitioner.
*William R. McCants,* for the respondent.

OPINION

GOFFE, *Judge:* On April 17, 1975, petitioner filed a "Motion for Leave to Commence Discovery Prior to Formal Joinder of Issue" pursuant to Rule 70(a)(2), Tax Court Rules of Practice and Procedure. Respondent filed his objections on April 28, 1975, and a hearing on the motion was held on that date.

The Commissioner determined in his statutory notice of deficiency mailed to petitioner on October 4, 1974, that petitioner underpaid his income tax for the taxable years 1970, 1971, and 1972 and was subject to the 50-percent fraud penalty under the provisions of section 6653(b) of the Internal Revenue Code of 1954. Petitioner filed his petition herein alleging that he had no taxable income for such years and he alleged additional facts to support his contention that he owed no tax for those years.

Respondent filed his answer in which he, in detail, set forth the basis of his determination contained in the statutory notice of deficiency which included the following:

(1) The names of banks in which petitioner maintained checking and savings accounts, the names in which such accounts were maintained, and the account numbers.
(2) The names of the recipients of cash expenditures made by petitioner.

(3) The loan numbers and amounts received by petitioner as loans from banks.

(4) Amounts deposited to bank accounts of petitioner.

(5) Business expenses paid by petitioner by check and by cash.

(6) Nontaxable receipts of petitioner.

(7) Capital expenditures paid by petitioner.

(8) Withdrawals of cash by petitioner.

Petitioner moves for commencement of discovery prior to filing his reply on the grounds that he cannot properly frame his reply because of certain information in the possession of the respondent which respondent apparently used in preparing the answer. Petitioner, for authority, points to the language of Rule 70(a)(2) which provides as follows:

*Time for Discovery:* Discovery shall not be commenced, without leave of Court, before the expiration of 30 days after joinder of issue * * *

At the hearing the parties advised the Court that a criminal investigation was in process against the petitioner and that a jeopardy assessment had been made against petitioner.

Respondent's answer in the instant case is remarkably complete and detailed. It adequately meets the "fair notice" requirement of Rule 31(a) and follows the form required by Rule 36(b). The facts alleged by respondent in his answer should be within the knowledge of petitioner or at the very least susceptible of ascertainment by him because of the detail pleaded by respondent. The purpose of the reply is to determine which facts alleged in the answer are in dispute. To permit discovery at this point would not materially narrow the issues because petitioner either knows whether the facts pleaded in the answer are true or false or he has no knowledge of the facts. He should, therefore, reply to respondent's answer, based on his own knowledge and belief. *Hartford National Bank & Trust Co. v. E. F. Drew & Co.,* 13 F.R.D. 127 (D. Del. 1952). See also *Frank Ryskiewicz,* 63 T.C. 83 (1974).

*An appropriate order has been entered.*