HENRY GHERMAN and JOAN GHERMAN, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Gherman v. Commissioner
Docket Nos. 13130-79, 13131-79, 8408-80, 8409-80, 16804-80.
United States Tax Court
T.C. Memo 1981-248; 1981 Tax Ct. Memo LEXIS 499; 41 T.C.M. (CCH) 1546; T.C.M. (RIA) 81248; May 20, 1981. Marvin C. Gutter and Martin J. Nash, for the petitioners in docket Nos. 13130-79 and 13131-79. Richard B. Wallace, for the petitioners in docket Nos. 8408-80, 8409-80, and 16804-80. W. Robert Abramitis and Steve Lee Young, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: On February 27, 1981, petitioners filed three motions in the case of Henry Gherman and Joan Gherman, docket no. 13130-79, and three identical motions in the case of Financial and Investment Planning, Inc. (FIP), docket No. 13131-79. While one of each of these motions is captioned as a motion to dismiss for failure to state a claim for which relief can be granted, another of each of these motions is captioned as a motion for partial judgment on the pleadings, and the third of each of these motions is captioned as a motion to *500 reconsider denial of motion to strike, the import of all of the motions are the same. The ultimate prayer in each motion is that we determine on the basis of the pleadings in these cases that respondent should be foreclosed from attempting to prove the allegations of fraud he has made in the case of Henry Gherman and Joan Gherman for their calendar years 1974 and 1975 and in the case of FIP with respect to their fiscal years ending March 31, 1975, and March 31, 1976. Petitioners do not contend that the fraud allegations in each of these cases if proved would not be sufficient to support respondent's claim for fraud. Petitioners likewise do not contend that there is no genuine issue of material fact based on the pleadings in these cases. In fact, petitioners in their reply have denied many of the facts alleged by respondent in his answer. Petitioners' entire argument in support of their motions in these cases is that respondent did not conduct an investigation of the books and records of the Ghermans for their calendar years 1974 and 1975 or of FIP for its fiscal years ended March 31, 1975 and 1976. Petitioners in their argument state that for the calendar years 1972 and 1973 *501 of the Ghermans which are involved in docket no. 8408-80 and for the fiscal years ended March 31, 1973, and March 31, 1974, of FIP which are involved in docket no. 8409-80, respondent conducted a criminal investigation but when the evidence was presented to the grand jury no indictment was forthcoming. It is petitioners' position that since they did not prohibit respondent from investigating the records of the Ghermans for the calendar years 1974 and 1975 or the records of FIP for its fiscal years ended March 31, 1975 and 1976 but, in fact, offered to make the records available for such an investigation, respondent should be prohibited from raising the issue of fraud absent such an investigation. It is petitioners' position that there is "an insufficient basis for respondent's affirmative allegations" and "an absence of any evidence to support any allegations of fraud." It is respondent's position that petitioners' motions are not well taken since a determination of whether respondent can prove his allegations of fraud must await the trial of the cases. Respondent argues that he has sent a valid deficiency notice determining fraud and now the cases should be tried to determine *502 if he is able to establish the existence of fraud as alleged in his answer. Respondent does state in answer to petitioners' claim that the determination in the notice of deficiency was not based on any evidence that he obtained sufficient evidence in connection with the investigation of the tax liability of the Ghermans for the years 1972 and 1973 and of FIP for its fiscal years ended March 31, 1973 and 1974 to form a reasonable basis for his fraud allegations. Petitioners have pointed to no case precisely dealing with positions comparable to the position they take in the instant case. They do refer to Llorente v. Commissioner, 74 T.C. 260 (1980), in arguing that respondent's allegations of fraud are based on an "utterly flimsy foundation." They contend that the attorney for respondent in signing the answers containing affirmative allegations of fraud in a situation where the books and records of the taxpayers for the years involved had not been investigated, violates the spirit of Rule 33(b) of the Rules of Practice and Procedure of this Court which provides that the signature of counsel to a pleading constitutes a certificate by him that he has read the pleading *503 and that to the best of his knowledge, information, or belief, there is good ground to support it and that it is not frivolous. Petitioners here are apparently claiming that the determination of fraud as set forth in the notice of deficiency is arbitrary and capricious. The Court has, of course, in a number of cases dealt with the question of the presumption of correctness of a notice of deficiency where a taxpayer is able to show that the notice is arbitrary. In the case of Llorente v. Commissioner, supra at 263-264, we stated in this respect: A statutory notice ordinarily carries with it a presumption of correctness that, except where provided in the Internal Revenue Code or the Tax Court Rules of Practice and Procedure, places the burden of proof and the burden of going forward with the evidence on the petitioner. Rule 142, Tax Court Rules of Practice and Procedure, and Welch v. Helvering, 290 U.S. 111 (1933). However, a showing by petitioner that the statutory notice is arbitrarily excessive or without foundation has the effect of shifting the burden of going forward with the evidence to respondent. Helvering v. Taylor, 293 U.S. 507 (1935). *504 In neither circumstance is such a showing reason for finding the statutory notice null and void. When petitioner asks the Court to find a statutory notice arbitrary, he is asking the Court to look behind the statutory notice. As a general rule, we will not honor such a request. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). The rare exception to this rule is where respondent, in a case involving unreported income, introduces no direct evidence but rests on the presumption of correctness and petitioner challenges the deficiency on the ground that it is arbitrary. Jackson v. Commissioner, 73 T.C. 394 (1979). In the instant case petitioners are not asserting that respondent's determination of deficiency was arbitrary and are not asking that the case insofar as it relates to a determination of deficiency be dismissed or that judgment with respect to this aspect of the case be entered for petitioners. Petitioners seek only to have the fraud allegations removed from the case either by striking respondent's allegations of fraud, dismissing the allegations of fraud, or entering a partial summary judgment with respect to these allegations. *505 The burden of proving fraud is placed on respondent by statute, section 7454(a), I.R.C. 1954, [2] and by Rule 142(b) of the Rules of Practice and Procedure of this Court. After trial it will be incumbent on the Court to determine whether respondent has established by clear and convincing evidence his allegations of fraud. Regardless of the amount of investigation done by respondent or the precise facts on which respondent's notice of deficiency was based, once the issue of fraud has been properly raised in respondent's answer as it has here, the case is ready to proceed to trial. There will, of course, be available to petitioners and to respondent the discovery procedures provided for in the rules of practice of this Court in their preparation for trial. See Ryskiewicz v. Commissioner, 63 T.C. 83 (1974). Ordinarily at this stage of preparation in cases pending before this Court we might agree with petitioners that a motion to consolidate is premature. However, because of the fact that two of these cases have twice *506 been before this Court on motions by petitioners and apparently there has been preliminary discovery in some of the cases, it appears that a motion to consolidate in these cases is proper at the present time. From a review of the files in these cases, it appears to the Court that the cases are sufficiently related to make consolidation appropriate. Three of the cases involve consecutive years of the Ghermans and two involve consecutive years of FIP. It also clearly appears that the determination that the Ghermans had unreported income in each year involved results to a substantial extent from the determination that personal expenses of the Ghermans were paid by FIP. Also, the Ghermans are represented for the years 1972 and 1973 by counsel other than the counsel representing them for the subsequent years and FIP is represented for its fiscal years ending March 31, 1973, and March 31, 1974, by different counsel than represents FIP for subsequent years. It appears to the Court that this fact also would cause consolidation at this time to be appropriate so that all counsel can be involved in stipulating facts and otherwise preparing the cases for trial. We conclude that petitioners' *507 motions to dismiss for failure to state a claim for which relief can be granted, for partial judgment on the pleadings, and to reconsider denial of motion to strike should be denied and that respondent's motion to consolidate the cases should be granted. An appropriate order will be entered. Footnotes
1. The following cases are consolidated herewith: Financial and Investment Planning, Inc., docket No. 13131-79; Henry Gherman and Joan Gherman, docket No. 8408-80; Financial and Investment Planning, Inc., docket No. 8409-80; Henry Gherman and Joan Gherman, docket No. 16804-80.↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue.↩