RONALD J. JACKSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jackson v. Commissioner
Docket No. 25267-82.
United States Tax Court
T.C. Memo 1984-83; 1984 Tax Ct. Memo LEXIS 588; 47 T.C.M. (CCH) 1126; T.C.M. (RIA) 84083; February 22, 1984. *588 Petitioner has failed to produce documents despite a specific order of this Court directing him to do so. Held, petitioner's failure constitutes a default under the circumstances of this case. Respondent's Motion for Order of Dismissal seeking, Interalia, a judgment for default under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, is granted. Ronald J. Jackson, pro se. Susan Wynne and Sarah A. Hall, for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Order of Dismissal filed on January 6, 1984, pursuant to Rules 104(c)(3) and 123(a), Tax Court Rules of Practice and Procedure.[1]
Respondent, in his notice of deficiency issued to petitioner on July 19, 1982, determined a deficiency in petitioner's Federal income tax and an addition to the tax for the taxable calendar year 1980 *589 in the following respective amounts: Addition to Tax,
I.R.C. 1954
Year
Income Tax
Section 6653(a) [2]
1980
$2,658.00
$133.00
Petitioner resided at 182 N.E. 70th Street, Miami, Florida on October 15, 1982, the date on which he filed a timely imperfect petition. He filed a 1980 Federal income tax return with the Internal Revenue Service. Pursuant to an Order of this Court petitioner, on December 20, 1982, filed an amended petition wherein at paragraph 4 he recites-- "All statement (sic) I will make will be in (sic) the hearing". [3]
On March 28, 1983, leave to file out of time having been granted by the Court, respondent filed his answer, at which time the pleadings were closed. Respondent did not commence discovery herein until more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 70(a)(2). We are fully satisfied that respondent attempted to attain the objectives of formal discovery through informal requests, consultation or communication with petitioner as required by this *590 Court's rules and the mandate of its opinions. [4] When those attempts proved fruitless respondent, on July 5, 1983, served on petitioner a 1 paragraph document request seeking production of-- All books, records, documents, receipts, and any and all other papers substantiating the adjustment to income claimed in the amount of $16,053.00 on line 28 of the 1980 Federal income tax return filed by Ronald J. Jackson. [5]
The purpose of the pleadings and discovery is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions. See Rule 31(a) and Kabbaby v. Commissioner,64 T.C. 393, 394 (1975). All of the *591 pertinent and relevant facts necessary to the disposition of a case should see the light of day prior to the trial of a case. The basis purpose of discovery is to reduce surprise by providing a means for the parties to obtain knowledge of all relevant facts in sufficient time to perfect a proper record for the Court if a case must be tried. "For purposes of discovery, the standard of relevancy is liberal. Rule 70(b) permits the discovery of information relevant not only to the issues of the pending case, but to the entire 'subject matter' of the case". Zaentz v. Commissioner,73 T.C. 469, 471 (1979). Rule 72, respecting production of documents and things, permits a party, without leave of Court, to serve on any other party a request to produce any designated documents, to the extent such documents are in the possession, custody or control of the party on whom the request is served. "* * * The party upon whom the request is served shall serve a written response within 30 days after service of the request. The Court may allow a shorter or longer time. The response shall state, with respect to each item or category, that inspection and related activities *592 will be permitted as requested, unless the request is objected to in whole or in part, in which event the reasons for objection shall be stated. * * *." See Rule 72(b) Petitioner's response to respondent's document request, which was received by respondent on July 25, 1983, advises as follows: I object to each of the respondent's request (sic) for production of documents. I hope your office will stop harassing me, because I paid $60.00 to appear in Tax Court. Finally, I will not appear in no other conference, or meeting to give up any information other than Tax Court. Faced with such a response respondent, on August 23, 1983, filed with the Court a Motion to Compel production of Documents, a copy of which he directly served on petitioner on August 22, 1983. By Notice of Filing, a copy of which was served on petitioner by the Court on August 26, 1983, the Court gave petitioner until September 15, 1983 in which to file an objection to respondent's motion. Petitioner did file a Notice of Objection on September 19, 1983 which relates, in pertinent part-- * * * To make up for their blunder, they have been trying to hustle me to some kind of conference of meeting. I have *593 called them by phone and written them informing them that I want no part in their trick. On September 26, 1983 we issued an Order, a copy of which was served on the parties on the same date, which states in relevant part-- * * * it is ORDERED that respondent's motion is granted in that petitioner shall on or before October 21, 1983, produce to respondent's counsel those documents requested in respondent's request for production of documents served on petitioner on July 15, 1983. Since petitioner did not comply with our Order respondent filed his motion herein under consideration. Our rules of practice and our orders mean exactly what they say and we intend that they be complied with. Rosenfeld v. Commissioner, 82 T.C.     (filed Jan. 17, 1984); Odend'hal v. Commissioner,75 T.C. 400, 404 (1980); Branerton Corp v. Commissioner,61 T.C. 691, 692 (1974). Although given more than an ample opportunity to comply with our rules and an order of this Court petitioner has not done so and there is not one valid reason extant in this record to explain his failure to comply. He has, in essence, ignored and defied our Order of September 26, 1983, and, *594 by his inexcusable conduct, shown complete and utter disrespect for our rules and an order of this Court. Indeed, petitioner's total failure to act has worked to his detriment. [6]
Rule 104, respecting enforcement actions and sanctions, provides in pertinent part as follows: (c) Sanctions: If a party * * * fails to obey an order made by the Court with respect to the provisions of Rule * * * 72 * * * the Court may make such orders as to the failure as are just, and among others the following: * * * (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. In the circumstances of this case we conclude that petitioner's persistent, stubborn and, thus, unwarranted and unjustified conduct constitutes a default and that dismissal of this case for failure to comply with our rules and a specific order *595 of this Court is, albeit a severe sanction, appropriate under Rule 104(c)(3). See Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo. 1983-12; Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. 703 F.2d 1063 (8th Cir. 1983); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978); Douglas v. Commissioner,T.C. Memo. 1983-786; Kuever v. Commissioner,T.C. Memo. 1983-58; Murmes v. Commissioner,T.C. Memo. 1983-55; Riehle v. Commissioner,T.C. Memo. 1982-141, dismissed (7th Cir., Jan. 13, 1983); Farley v. Commissioner,T.C. Memo. 1981-606; Gaar v. Commissioner,T.C. Memo. 1981-595, dismissed (5th Cir., June 30, 1982). Moreover, neither the Internal Revenue Code nor any other statute makes provision for a deduction for "non-taxable receipts". It is a well established principle of law that deductions or credits are a matter of legislative grace and are not allowable *596 unless Congress has specially provided for them. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934); Montgomery v. Commissioner,64 T.C. 175, 182-183 (1975), affd. 532 F.2d 1088 (6th Cir. 1976). See Baxter v. Commissioner,T.C. Memo. 1983-639. Thus, petitioner could have no documents which would or could support the deduction he claimed for "non-taxable receipts". That being the case he should have so informed respondent and this Court. In that event the same result would have been reached as we reach here--a decision sustaining the determinations in respondent's deficiency notice. On this record, respondent's motion will be granted. An appropriate order and decision will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. This case was assigned pursuant to sec. 7456(d), Internal Revenue Code of 1954↩, as amended, and Delegation Order No. 8 of this Court, 81 T.C. VII (July 1983).
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. This is the sum and substance of petitioner's case.↩
4. See International Air Conditioning Corp. v. Commissioner,67 T.C. 89, 93 (1976); Branerton Corp. v. Commissioner,61 T.C. 691, 692↩ (1974); Rule 70(a)(1). 5. During 1980 petitioner received wage income of $16,053.00. On his 1980 return petitioner claimed a deduction for the total amount of those wages characterizing them as "non-taxable receipts". See Perkins v. Commissioner,T.C. Memo. 1983-474↩, where claim for such a deduction was rejected.
6. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on February 8, 1984. Petitioner did not appear nor did he file a response to respondent's motion.↩