HOWARD BURTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burton v. Commissioner
Docket No. 11843-83.
United States Tax Court
T.C. Memo 1984-99; 1984 Tax Ct. Memo LEXIS 576; 47 T.C.M. (CCH) 1192; T.C.M. (RIA) 84099; February 29, 1984. *576 Petitioner has failed to produce documents and answer interrogatories despite a specific Order of this Court directing him to do so. Held, petitioner's failure constitutes a default under the circumstances of this case. Respondent's Motion to Impose Sanctions, seeking a judgment for default under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, is granted. Howard Burton, pro se. David W. Johnson and Bobby D. Burns, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and *577 ruling on respondent's Motion to Impose Sanctions under T.C. Rule 104(c). [1] After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Impose Sanctions under T.C. Rule 104(c) filed on December 12, 1983. Respondent, in his notice of deficiency issued to petitioner on February 14, 1983, determined a deficiency in petitioner's Federal income tax for the taxable calendar year 1979 in the amount of $17,510.29. Respondent, in his deficiency notice, determined the following adjustments to petitioner's income: Contributions
[2] $36,150.00 Installment Sales
398.43 Rental Expenses
388.00 Rental Depreciation
2,549.00 Credit for Personal Exemptions
(3,000.00)
$36,485.43 Petitioner's legal residence on the date he filed his petition *578 was 9000 Belk Street, El Paso, Texas. He filed an individual 1979 Federal income tax return with the Internal Revenue Service. A petition was filed on May 18, 1983. [3] Respondent filed his answer on July 1, 1983, on which date the pleadings were closed. Thereafter, respondent commenced discovery. See Rules 34, 36, 38, 70(a)(2) and 90(a). [4]
We are fully satisfied that respondent attempted to attain the objectives of formal discovery through informal requests, consultation or communication with petitioner as required by this Court's rules and the mandates of its opinions. [5] When those attempts proved fruitless respondent, on July 29, 1983, served on petitioner a 9 paragraph request for production of documents and an 11 paragraph interrogatory *579 request. A review of those requests reveals that they seek documents and answers which are highly relevant and material to the issues at dispute in this case. The purpose of the pleadings and discovery is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions. See Rule 31(a) and Kabbaby v. Commissioner,64 T.C. 393, 394 (1975). All of the pertinent and relevant facts necessary to the disposition of a case should see the light of day prior to the trial of a case. The basic purpose of discovery is to reduce surprise by providing a means for the parties to obtain knowledge of all relevant facts in sufficient time to perfect a proper record for the Court if a case must be tried. "For purposes of discovery, the standard of relevancy is liberal. Rule 70(b) permits discovery of information relevant not only to the issues of the pending case, but to the entire 'subject matter' of the case". Zaentz v. Commissioner,73 T.C. 469, 471 (1979). *580 When petitioner failed to respond to respondent's discovery requests, respondent submitted a motion to compel compliance therewith, which the Court filed on September 23, 1983. A copy of that motion was served on petitioner by the Court on September 26, 1983 together with a copy of the Court's Notice of Filing, which gave petitioner until October 17, 1983 in which to file a notice of objection to respondent's motion. When no such notice was received we issued an Order dated October 24, 1983, [6] which states, in pertinent part-- * * * it is ORDERED that respondent's motion is granted in that petitioner shall on or before November 14, 1983, serve on counsel for respondent answers to each interrogatory served upon petitioner on July 29, 1983, and produce to counsel for respondent those documents requested in respondent's request for production of documents served on petitioner on July 29, 1983. It is further ORDERED that in the event petitioner does not fully comply with the provisions of this order, this Court will be inclined to impose sanctions pursuant to Tax Court Rule 104, which may include dismissal of this case and entry of a decision against petitioner. *581 Since petitioner did not comply with our October 24, 1983 Order respondent filed his sanctions motion herein under consideration. A copy of that motion together with a copy of the Court's Notice of Hearing, calendaring respondent's motion for hearing at Washington, D.C. on January 11, 1984, were served on petitioner by the Court on December 14, 1983. [7] Those documents were again served on petitioner by the Court, by certified and regular mail, on January 13, 1984, together with the Court's Order dated January 11, 1984, which rescheduled respondent's motion for hearing at Washington, D.C. on February 15, 1984. [8] When the case was called on February 15 no appearance was made by or on behalf of petitioner nor was a response to respondent's motion filed. Our rules of practice and our orders mean exactly what they say and we intend that they be complied with. Rosenfeld v. Commissioner, 82 T.C.     (filed Jan. 17, 1984); Odend'hal v. Commissioner,75 T.C. 400, 404 (1980); Branerton Corp. v. Commissioner,61 T.C. 691, 692 (1974). *582 Although given more than an ample opportunity to comply with our rules and an order of this Court petitioner has not done so and there is not one valid reason extant in this record to explain his failure to comply. He has, in essence, ignored and defied our Order of October 24, 1983, and, by his inexcusable conduct, shown complete and utter disrespect for our rules and an order of this Court. Indeed, petitioner's total failure to act has worked to his detriment. As we view this record, respondent's discovery requests sought information and documents relevant and material to the issues at dispute. Petitioner simply has made no attempt to comply with those requests despite a specific order of this Court directing him to do so. Rule 104, respecting enforcement actions and sanctions, provides in pertinent part as follows: (c) Sanctions: If a party * * * fails to obey an order made by the Court with respect to the provisions of Rule 71, 72 * * * the Court may make such orders as to the failure as are just, and among others the following: * * * (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the *583 case or any part thereof, or rendering a judgment by default against the disobedient party. In the circumstances of this case we conclude that petitioner's persistent, stubborn and, thus, unwarranted and unjustified conduct constitutes a default and that dismissal of this case for failure to comply with our rules and a specific order of this Court is, albeit a severe sanction, appropriate under Rule 104(c)(3). See Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), [9] affg. T.C. Memo. 1983-12; Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. 703 F.2d 1063 (8th Cir. 1983); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978); Douglas v. Commissioner,T.C. Memo. 1983-786; Kuever v. Commissioner,T.C. Memo. 1983-58; Murmes v. Commissioner,T.C. Memo. 1983-55; Riehle v. Commissioner,T.C. Memo. 1982-141, dismissed (7th Cir., Jan. 13, 1983); Farley v. Commissioner,T.C. Memo. 1981-606; Gaar v. Commissioner,T.C. Memo. 1981-595, *584 dismissed (5th Cir., June 30, 1982). [10] On this record, respondent's motion will be granted. Quite separate and apart from the manner in which we have disposed of respondent's motion we think it appropriate to comment on a further aspect of this record. On July 29, 1983, respondent served on petitioner a 7 paragraph Request for Admissions. The original thereof which respondent submitted to the Court was filed by the Court on August 3, 1983. See Rule 90(b). Those requests which seek to have admitted matters which are highly relevant and material to the issues at dispute in this case recite-- 1. The petitioner resided in El Paso, Texas, when his petition was filed herein. 2. Attached hereto as Respondent's Exhibit A is a copy of the petitioner's Form 1040 for 1979. 3. On February 14, 1983, the respondent mailed to the petitioner a statutory notice of deficiency upon which this case is based, a copy *585 of which is attached hereto as Respondent's Exhibit B. 4. The petitioner is not entitled to a charitable contribution deduction to the Universal Life Church, Inc., Modesto, California, during 1979. 5. The petitioner had gain from the sale or exchange of assets in the amount of $946.83, rather than $548.40 as reported on his 1979 Form 1040. 6. The petitioner is not entitled to a rental expense deduction for 1979. 7. The petitioner is not entitled to a depreciation deduction for 1979. Petitioner at no time served written answers on respondent nor did he file an original of such answers with the Court. Rule 90(c). In such circumstances, each matter contained in respondent's request for admissions is deemed admitted and conclusively established. Rules 90(d) and (e); Freedson v. Commissioner,65 T.C. 333, 335 (1975), affd. 565 F.2d 954 (5th Cir. 1978). An appropriate order and decision will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. This case was assigned pursuant to sec. 7456(c), Internal Revenue Code of 1954↩, as amended, and Delegation Order No. 8 of this Court, 81 T.C. VII (July 1983).
2. Petitioner alleges that these contributions were made to the Universal Life Church, Inc.↩
3. Said petition was timely mailed and, thus, timely filed. See sec. 7502, Internal Revenue Code of 1954↩, as amended. It was signed by a Michael Priest as "Attorney For Petitioner".Mr. Priest is not admitted to practice before this Court. 4. The impact of Rule 90 on this proceeding will be discussed hereinafter.↩
5. See International Air Conditioning Corp. v. Commissioner,67 T.C. 89, 93 (1976); Branerton Corp. v. Commissioner,61 T.C. 691, 692↩ (1974); Rules 70(a)(1) and 90(a).
6. A copy of that Order was served on the parties by the Court on October 25, 1983.↩
7. Those documents, which were sent certified mail, were returned to the Court "unclaimed". ↩
8. The Court's records reflect that that mailing was not returned to Court.↩
9. We observe that venue on appeal of this case lies in the United States Court of Appeals for the Fifth Circuit.↩
10. See and compare, Miller v. Commissioner,654 F.2d 519 (8th Cir. 1981); Emigh v. Commissioner,T.C. Memo. 1981-514↩.