VICTOR AND CONNIE TRASATTI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Trasatti v. Commissioner
Docket No. 12068-88
United States Tax Court
T.C. Memo 1989-448; 1989 Tax Ct. Memo LEXIS 448; 57 T.C.M. (CCH) 1381; T.C.M. (RIA) 89448; August 22, 1989
Michael Esposito, for the petitioners. John Comeau, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This matter is before the Court on petitioners' Motion for More Definite Statement and respondent's Notice of Objection thereto. It was assigned pursuant to the provisions of section 7443A(b) of the Code and Rule 180. [1]
Respondent determined deficiencies in petitioners' Federal income tax as follows: Additions to Tax [2]
Year
Tax
§ 6653(b)
§ 6653(b)(1)(B)
§ 6661
1981
$ 5,892
$ 2,946
50% of the
--
interest due
on $ 5,892
1982
$ 6,234
$ 3,117
50% of the
$ 1,558.50
interest due
on $ 6,234
*449 Respondent computed the deficiencies based upon his determination that petitioners had failed to report wage income in the amounts of $ 20,345 in 1981 and $ 23,548 in 1982. Petitioners resided at Elmwood Park, Illinois, when they timely filed their petition herein. Rule 51 provides that a party may move for a more definite statement before interposing a responsive pleading: "If a pleading to which a responsive pleading is permitted or required is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, * * *." Petitioners complain first about respondent's Answer to paragraphs 5A(1) and (2) and 5D(1) and (2) of the petition. Petitioners allege error in respondent's determination *450 that there was omitted wage income for 1981 and 1982. The factual bases upon which they rely in relevant part, are set forth in paragraph 5 of the petition as follows: A. (1) For the year 1981, the taxpayers received the following, and only the following, Wage Statements from their respective employers and reported the total below on line 7 of the Form 1040A return filed: Victor Trasatti
Tom Driscoll Const. Co., Inc.
$ 6,387.20
Connie Trasatti
Northwest Hospital
9,337.16
TOTAL
$ 15,724.36
(2) All monies paid to Victor Trasatti by the Tom Driscoll Constr. Co. as wages in 1981 were reported in full. Victor Trasatti has received no 1981 Wage Statement from the Tom Driscoll Constr. Co. other than the one reported and described above. * * * D. (1) For the year 1982, the taxpayers received the following, and only the following, Wage Statements from their respective employers and reported the total below on line 6 of the Form 1040A return filed: Victor Trasatti
Tom Driscoll Const. Co., Inc. $ 907.50
Victor Trasatti
Beaver Enterprises, Inc.
$  3,510.10
Connie Trasatti
Northwest Hospital
$  9,829.20
TOTAL
$ 14,246.80
*451 (2) All monies paid to Victor Trasatti by the Tom Driscoll Constr. Co. as wages in 1982 were reported in full. Victor Trasatti has received no 1982 Wage Statement from the Tom Driscoll Const. Co. other than the one reported and described above. Respondent by Answer denied for lack of information or belief paragraph 5A(1) and the second sentence of 5A(2). In regard to paragraph 5D(1) respondent denied for lack of information or belief that the three wage statements attached to petitioners' 1982 return were the only wage statements received by petitioners for 1982. Respondent similarly denied, upon information or belief the second sentence of paragraph 5D(2). We note that neither of these portions of respondent's Answer require or permit a responsive pleading. They thus fall outside the clear language of Rule 51(a). We turn now to petitioners' request for more definite statements in regard to those portions of respondent's Answer as to which responsive pleading is required, the allegations of fraud set forth in paragraph 7(a) through (bf). In that paragraph respondent alleges that petitioner Victor Trasatti was employed during 1981 and 1982 by the Tom Driscoll Construction *452 Company, Inc., (hereafter "Driscoll") that in each of those years he received money from Driscoll in excess of the amounts set forth on the Driscoll wage statements, that such excess amounts were not reported on petitioner's 1981 and 1982 returns, that during 1981 petitioner received at least $ 26,732 from Driscoll and at least $ 24,455.50 from that source in 1982. Respondent's Answer goes on to allege that Driscoll issued checks payable to A-1 Construction, (hereafter "A-1") during 1981 and 1982, that petitioner cashed checks payable to A-1 in each year, and that petitioner received some of the cash from the negotiated checks for services he rendered Driscoll in 1981 and 1982. Respondent's allegations are neither vague nor ambiguous. In considering and denying a similar request for a more definite statement in Ryskiewicz v. Commissioner, 63 T.C. 83, 85 (1974), we set forth our "basic standard" to be used in determining whether a pleading should be made more definite: This standard is expressed in Rule 31(a) which provides that the "purpose of the pleadings is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective *453 positions." * * * Rule 36(b) sets out the required form and content of an answer. It provides that the "answer shall contain a clear and concise statement of every ground, together with the facts in support thereof, on which the Commissioner relies and has the burden of proof." * * * We hold that paragraph 7 of respondent's Answer satisfies the basic standard of fair notice of the matter in controversy. The "ground" upon which respondent relies and as to which he bears the burden of proof is the addition to tax for fraud. Respondent's statement of the ground is clear and the facts in support thereof are set forth sufficiently for petitioners to frame their responsive reply. Accordingly, we conclude that petitioners' Motion for a More Definite Statement should be denied. An appropriate order will be issued. Footnotes
1. Section references are to the Internal Revenue Code of 1954 as amended, and in effect for the tax years at issue, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We have listed the additions as set forth in the notice of deficiency. We note, however, that for the year 1981 there was no addition to tax in the statute based upon interest due and sec. 6653(b)(1)(B) is not applicable as not in effect for that year. Further as to the 1982 year, the addition to tax for fraud is based upon sec. 6653(b)(1) and the addition to tax based upon the interest due is under the provision of sec. 6653(b)(2), not sec. 6653(b)(1)(B).↩